UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CONNIE D. REAVES ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:08-CV-488 |
| | ) | (PHILLIPS/SHIRLEY) |
| V. | ) | |
| | ) | |
| DENNIS S. FREEMAN and | ) | |
| CHEROKEE HEALTH SYSTEMS, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on the Plaintiff's Motion for Permission to Appeal *In Forma Pauperis* [Doc. 80] pursuant to 28 U.S.C. § 636(b) and the Rules of this Court, for disposition or for report and recommendation as may be appropriate.

In an Order [Doc. 78] entered March 12, 2010, the District Court dismissed this action. The Court found that the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 29 U.S.C. 1181, *et seq*., does not provide a private right of action to the Plaintiff. [Doc. 78 at 5]. Further, the Court declined to exercise supplemental jurisdiction as to any claims brought by the Plaintiff under state law. [Doc. 78 at 6]. The Plaintiff desires to appeal this dismissal to the Court of Appeals for the Sixth Circuit.

In her Application to Proceed In Forma Pauperis [Doc. 80], the Plaintiff asks to proceed on appeal without payment of fees or costs. Rule 24 of the Rules of Appellate Procedure requires that parties seeking to proceed *in forma pauperis* file a motion in the district court that:

(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;

(B) claims an entitlement to redress; and

(C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1).

The Plaintiff has provided an affidavit that includes a statement of her total assets, debts, and income and demonstrates that the Plaintiff's current financial situation is one of little income (disability benefits) and no assets. [Doc. 80]. Thus, the Court finds that Part (A) of Rule 24 has been satisfied.

Though the Plaintiff's Notice of Appeal [Doc. 79] does not state any grounds for appeal, the Plaintiff has filed a second document entitled Supporting Documentation to Proceed In Forma Pauperis of Appeal [Doc. 83]. In her Supporting Documentation, the Plaintiff acknowledges that HIPPA does not provide a private right of action, but she notes that other claims were contained in her Complaint. Taking into consideration the Plaintiff's *pro se* status and construing the pleadings in a liberal fashion, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the Court finds that the Plaintiff has identified her issue on appeal as the Court's failure to address her other claims– stated differently, its failure to exercise supplemental jurisdiction. Thus, the Court finds that Parts (B) and (C) of Rule 24 are satisfied.

Accordingly, the Court finds that the Plaintiff has fulfilled the requirements for leave to proceed *in forma pauperis*, as outlined in Rule 24 of the Federal Rules of Appellate Procedure. The

Court finds that the Plaintiff's Motion/Application **[Doc. 80]** is well-taken, and it is hereby

**RECOMMENDED**[1] that the motion be **GRANTED**.

Respectfully Submitted,

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1]Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).